IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID BENAVIDEZ, ET AL.,

    Plaintiffs,

vs.                                                      CIV No. 97-1535 MV/WWD

DAYTON HUDSON CORPORATION, ET AL.,

    Defendants,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendants' Motion to Compel and Motion for Sanctions filed August 28, 1998. Defendants have taken the deposition of Danielle Benavidez, the twelve year old sister of Anthony Benavidez and the daughter of David and Ronda Benavidez. At the deposition, Danielle appeared with her parents; however, she was `not represented by counsel. Defendants contend that they are entitled to ask Danielle questions about the interactions of her apparently highly dysfunctional family to point out that there is another source for Anthony's claim of emotional injuries, and also to impeach the testimony of Danielle's parents, Plaintiffs David and Rhonda Benavidez. When defendants attempted to question Danielle about incidents in her family involving the police, Danielle denied any recollection of such incidents. When Defendants' counsel attempted to show Danielle police reports about incidents between her family which resulted in police intervention, the deposition was terminated by the Plaintiffs. Plaintiffs claim that Defendants were "attempting to harass and intimidate the 12 year old witness and disclosure of such police reports to this child could have significant emotional an psychological impact on the child

which is unwarranted in this case." Plaintiffs also claim that "[f]urther inquiry into these matters cannot lead to any relevant evidence in this matter." In their response to Defendants' motion, Plaintiffs limit their "objection" to showing the police reports in question to Danielle Benavidez.

DISCUSSION.

Plaintiffs' "objections' are not well taken.  It is unlikely that there will be any significant risk of psychological injury to the minor witness, Danielle Benavidez, if she is asked whether she recalls the incidents which are detailed in the police reports.  She can be questioned about the contents of the police reports.  If any psychological risk were anticipated, Plaintiffs certainly could have sought a protective order before the deposition, or could have take steps to have counsel for their daughter.  Disrupting the deposition was improper.  The deposition of Danielle Benavidez should be resumed on reasonable notice.  If Plaintiffs persist in attempting to block proper inquiry into their family involvement with police as the result of family disputes and disorders, I will revisit the question of sanctions, and will consider imposition of sanctions up to and including recommending dismissal of portions of Plaintiffs' complaint.  No sanctions will be imposed at this time.

Discovery will proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**