IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID BENAVIDEZ, RONDA BENAVIDEZ,
and ANTHONY BENAVIDEZ

      Plaintiffs,

vs.                                                                     No. CIV 97-1535 MV/WWD

DAYTON HUDSON CORPORATION,
TARGET STORES, INC., and HUFFY SERVICE
FIRST, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Court's Order to Show Cause Against David Benavidez, Jr., as to why he should not be held in contempt for failure to appear at his deposition, filed September 8, 1998 **[Doc. No. 38]**. The Court, having considered the Plaintiffs' Memorandum in Opposition to Sanctions, Defendants' Response, relevant law, and being otherwise fully informed, finds that contempt sanctions are warranted.

Plaintiffs' attorney argues that sanctions should not be imposed because: (1) the witness fee with the deposition notice was for $35.00 rather than $40.00 as required by statute; (2) the deposition notice was served only 13 days prior to the deposition, not 14 days as required by the local rules; and (3) David Benavidez, Jr., did not willfully fail to attend his deposition but failed to check calender date and assumed that the deposition was on a Friday when it was in fact on a Wednesday.

As to Plaintiffs' first two arguments, any errors in the witness fee or the serving of the deposition notice should have been addressed at the time of the deposition through proper objection. Plaintiffs could have filed a notice of non-appearance, as provided by Local Rule 30.2, citing their objections, or could have raised the objections at the deposition. The witness was not, however, entitled to simply not appear.

As to Plaintiffs' argument that the failure to appear was not willful, Local Rule 30.2 provides that failure to appear "may be regarded as a willful failure to appear pursuant to Fed.R.Civ.P. 37(d) or contemptible conduct pursuant to Fed.R.Civ.P. 45(e)." Rule 37(d) applies to the failure of a party to attend his own deposition. Because David Benavidez, Jr., is not a party, his failure to appear is governed by Rule 45(e). Rule 45(e) provides that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court." Thus, the relevant standard is not whether David Benavidez, Jr., willfully failed to appear, but rather whether he has proffered an "adequate excuse" for his failure to obey the subpoena.

In his affidavit, David Benavidez, Jr., states that he did not appear at the deposition because he did not check the date of the deposition on a calender and assumed that the deposition was to be on a Friday when the date was in fact a Wednesday. This is not an adequate excuse. David Benavidez, Jr., was required by subpoena to be at his deposition on July 22, 1998. It was incumbent upon him to at least identify what day that was. If this Court were to allow parties and witnesses to avoid subpoenas by simply failing to exercise the most minimum care little of the Court's business would be accomplished.

Because David Benavidez, Jr., failed to appear at his deposition and has failed to proffer an adequate excuse, the Court deems his failure to appear as contempt of court.

**IT IS THEREFORE ORDERED** that David Benavidez, Jr., is found to be in contempt of court. David Benavidez, Jr., is hereby ordered to pay Defendants' costs and fees incurred in traveling to take his deposition and in pursuing the contempt sanction. Counsel for Defendants are to submit affidavits of costs and attorneys' fees within ten (10) days of entry of this Order.

                                                                    MARTHA VÁZQUEZ
                                                                    UNITED STATES DISTRICT JUDGE

<u>Attorney for Plaintiffs:</u>
    Donald Pinnock

<u>Attorney for Defendants:</u>
    Timothy Beyer
    Peter Korneffel, Jr.